Dane W. Exnowski, SBN 281996
McCalla Raymer Leibert Pierce, LLP
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802
Telephone: 562-661-5060
Fax: 562-983-5365
BK.CA@mcalla.com

Attorneys for Defendants Nationstar Mortgage LLC
d/b/a/ Mr. Cooper, NBS Default Services, LLC, and
Wells Fargo Bank, N.A. as Trustee for the Certificateholders
of Banc of America Mortgage Securities, Inc., Mortgage
Pass-Through Certificates, Series 2003-D

## UNITED STATES BANKRUTPCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>Gary James Sroka,<br><br>　　　　　Debtor.<br><br>Gary James Sroka,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mr. Cooper; Real Time Solutions, Inc, Nationstar Mortgage LLC c/o NBS Default Services, LLC; Bank of America, N.A., and Wells Fargo Bank, National Association; Successor by Merger to Wellsfargo Bank Minnesota, National Association, as Trustee for Bank of America Mortgage Securities, Inc. Mortgage Pass-Through Certificates Series 2003-D,<br><br>　　　　　Defendants. | Case No. 8:19-bk-11841-TA<br><br>Adversary No. 8:19-ap-01097-TA<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[F.R.C.P. 12(b)(1) and 12 (b)(6)]<br><br>HEARING DATE:<br>DATE:　August 8, 2019<br>TIME:　11:00 a.m.<br>CTRM:　5B |

**TO THE HONORABLE THEODORE A. ALBERT, UNITED STATES BANKRUTPCY COURT JUDGE AND THE PLAINTIFF:**

MOTION TO DISMISS - 1 -

**PLEASE TAKE NOTICE** that on <u>**August 8, 2019 at 11:00 a.m., in Courtroom 5B**</u> of the above-entitled Court, located at <u>**411 West Fourth Street, Santa Ana, CA 92701**</u>**, the Honorable Theodore Albert presiding**, Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") [erroneously named as 'Mr. Cooper' or 'Nationstar Mortggae LLC c/o NBS Default Services, LLC'], NBS Default Services, LLC ("NBS"), and Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Banc of America Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 2003-D ("WFB") [erroneously named as 'Wells Fargo Bank, National Association; Successor by Merger to Wellsfargo Bank Minnesota, National Association, as Trustee for Bank of America Mortgage Securities, Inc. Mortgage Pass-Through Certificates Series 2003-D'] (collectively, "Defendants"), will move the Court for and order dismissing with prejudice the Complaint filed on 5/28/2019 ("Complaint") by Plaintiff Gary James Sroka ("Plaintiff").

<u>**Pursuant to Local Bankruptcy Rule 9013-1(f), a written response or opposition to the Motion must be filed and served at least 14 days before the hearing. Failure to timely file a response or opposition may be deemed as consent to the granting of the Motion.**</u>

The Motion is made pursuant Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), specifically:

**(1)** <u>**Pursuant to Rule 12(b)(1) – to the extent the Complaint sets forth any legally cognizable cause of action, the proper party would be the chapter 7 trustee in Plaintiff's Bankruptcy Case.**</u>

While the Complaint is unintelligible, Defendants' surmise that the Complaint relates to its foreclosure activity with respect to Plaintiff's residence [324 Via Promesa, San Clemente, CA]. Such activity pre-dates Plaintiff's chapter 7 bankruptcy petition filed on 5/14/2019 [8:19-bk-11841-TA]. As such, to the extent there exists any legally cognizable cause of action, it would belong to Plaintiff's bankruptcy estate and subject to the control of the chapter 7 trustee. Therefore, Plaintiff lacks standing to bring the Complaint and it should be dismissed under Rule 12(b)(1) for lack of Article II jurisdiction.

///

///

///

**(2)** **Pursuant to Rule 12(b)(6) - The Complaint fails to state any claim upon which relief can be granted.**

The Complaint does not plead any facts to support any claim upon which relief can be granted. Rather, Plaintiff appears to have obtain legalese-style language via the internet and states foreclosing entity is not entitled to perform a foreclosure; however, there are no actual facts that could possibly be construed as being relevant or related to Defendants or any of its conduct. Thus, the Complaint should be dismissed with prejudice on this basis alone. Nonetheless, Defendants further submit as follows:

**(a)** **Recovery of Money/Property.** The Complaint is devoid of any facts to support any claim for recovery of money or property. In fact, the Complaint does not allege what property should be recovered by Plaintiff except a reference to $6,971,734.68 [although Defendants surmise that it is Plaintiff's residence despite no foreclosure having been completed]. Moreover, it fails to set forth any wrongful act or omission, or such other act or omission, that would legally entitle Plaintiff to any money or Property from Defendants.

**(b)** **Declaratory Judgment**. A declaratory judgment is a remedy. Thus, it should be dismissed as a separate claim. In the event the Court construes the Complaint's reference to 'Declaratory Judgment' as a separate claim, the Complaint fails to plead any actual case or controversy upon which a declaration from this Court can be based.

**(c)** **Determination of Removal or Cause and Other.** It is unclear to Defendants' the nature of Plaintiff's reference to 'Determination of Removal or Cause' and 'Other.' To the extent the Complaint is based on breach of contact, the Complaint fails to state any facts upon which relief can be granted. In any event, as the Complaint in general does not plead any facts to support any claim upon which relief can be granted, this purported claim should be dismissed.

**(3)** **Pursuant to Rule 12(b)(6) As to NBS – privileged**.

To the extent the Complaint sets forth any legally cognizable claims, and to the extent any such claims relate to NBS, Defendants' submit that NBS is privileged under Cal. Civ. Code § 2924(d). Thus, any claims against NBS must be dismissed.

///

1 | This Motion is based upon the following memorandum of points and authorities, the Complaint, and the exhibits attached to the Complaint.

DATED: June 25, 2019

Respectfully Submitted,

McCalla Raymer Leibert Pierce, LLP

By: */s/ Dane W. Exnowski*
Dane W. Exnowski
Attorneys for Defendants

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.**

## **INTRODUCTION**

Although devoid of facts, the Complaint appears to relate to Defendants' foreclosure activity on Plaintiff's residence 324 Via Promesa, San Clemente, CA ("Property"). Nationstar is the loan servicer for the current owner of the loan WFB, the latter of which obtained the loan from original lender Bank of America, N.A. NBS[1] is the foreclosure trustee for Nationstar and WFB. A trustee's sale was scheduled for 5/14/2019 but was postponed due to Plaintiff's bankruptcy filing on 5/14/2019. As such, no trustee's sale has occurred to date.

As an initial matter, the Complaint should be dismissed for lack of standing in Plaintiff; to the extent there is any claim, it would have arisen pre-petition and thus any claim is a part of Plaintiff's bankruptcy estate subject to control of the chapter 7 trustee.

In any event, as more fully discussed below, the Complaint fails to state any claim against Defendants upon which relief can be granted. Rather, the Complaint presents what appears to be formulaic 'copy and paste' allegations obtained from the internet that do not plead any actual facts that could possibly be construed as being relevant or related to Defendants or any of its conduct. Thus, the Complaint should be dismissed. Finally, dismissal should be with prejudice because the nature of this Complaint establishes that there is no reasonable likelihood that any amendment to the Complaint will salvage it.

## **II.**

## **STATEMENT OF FACTS**

1. The Complaint appears to relate to Defendants' non-judicial foreclosure proceedings against the Property. **[Complaint, p. 4, ln. 11-13]**. It ostensibly seeks a judgment that the foreclosing entity is not entitled to perform a foreclosure. **[Complaint, p. 4, ln. 11-13].**

2. Plaintiff filed a chapter 7 bankruptcy petition filed on 5/14/2019 [8:19-bk-11841-TA] ("Bankruptcy Case"). Defendants scheduled a trustee's sale for 5/14/2019 but it was postponed due

---

[1] Now known as Affinia Default Services, LLC

1  to the Bankruptcy Case.

2      3.    On 5/28/2019, Plaintiff filed the instant Complaint.

### III.

### ARGUMENT

**A. <u>PLAINTIFF LACKS STANDING TO BEING THE COMPLAINT</u>.**

Property of the bankruptcy estate includes causes of action belonging to a debtor as of the commencement of the bankruptcy case. *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 708 (9th Cir. 1986). Thus, in the bankruptcy context, because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the suits that belong to the estate. *Griffin v. Allstate Ins. Co.*, 920 F.Supp. 127, 130 (C.D. Cal. 1996) [citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 708 n. 1 (9th Cir. 1986)].

Here, Plaintiff filed his Bankruptcy Case on 5/14/2019. While the Complaint is unclear, as it appears to relate to Defendants' foreclosure proceedings, all such proceedings were prior to 5/14/2019. **[Complaint, p. 7, ¶ 1; p. 9 ].** As such, Plaintiff's claims, if any, are property of his bankruptcy estate and subject to control of the chapter 7 trustee. Because Plaintiffs lacks standing, the Complaint should be dismissed under Rule 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("Lack of Article III standing requires dismissal for lack of subject matter jurisdiction under [Rule] 12(b)(1)").

**B. <u>THE COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED AND IT SHOULD BE DISMISSED UNDER RULE 12(b)(6)</u>.**

**1. <u>Legal Standard.</u>**

A dismissal will be granted where the plaintiff fails to state a claim upon which relief can be granted. *Fed. R. Civ. Proc.* 12(b)(6). With respect to asserting a claim, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. Proc.* 8(a)(2). Moreover, Rule 8 requires that a claim be stated with sufficient clarity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal citation omitted) (quotation original). While Rule 8

Case 8:19-ap-01097-TA    Doc 3    Filed 06/25/19    Entered 06/25/19 12:40:33    Desc
Main Document    Page 7 of 10

does not require detailed factual allegations, it demands more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted). Furthermore, "[f]actual allegations must be enough to rise above the speculative level." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal citation omitted).

Where there is an absence of sufficient facts alleged to support a cognizable legal theory, dismissal for failure to state a claim upon which relief can be granted is appropriate. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) [citing *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001)] (quotations original). *See also del Campo v. Kennedy*, 491 F. Supp. 2d 891, 898 (N.D. Cal. 2006) aff'd, 517 F.3d 1070 (9th Cir. 2008) ("A claim may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.") (citing *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 [9th Cir.1984]).

Finally, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1096 (9th Cir. 2008).

  **2.** **<u>Recovery of Money/Property</u>.** The Complaint is devoid of any facts to support any claim for recovery of money or property. In fact, the Complaint does not allege what property should be recovered by Plaintiff except a reference to $6,971,734.68 [although Defendants surmise that it is Plaintiff's residence despite no foreclosure having been completed]. In any event, the Complaint fails to set forth any wrongful act or omission, or such other act or omission, or any legal duty that would legally entitle Plaintiff to any money or Property from Defendants.

  **3.** **<u>Declaratory Judgment</u>**. Declaratory relief is merely a potential remedy to an alleged claim. *See, e.g., Stock West Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (explaining that 28 U.S.C. § 2201, the Declaratory Judgment Act, creates only a remedy). *See also Wood v. U.S.*, No. CIV. S-04-0897 DAD, 2006 WL 2829829 at p. 1 fn. 2 (E.D. Cal. Sept. 29, 2006) ("The claim for declaratory relief technically is not a cause of action but type of remedy."). Thus, this claim should be dismissed as its own separate claim.

In the event the Court construes the Complaint's reference to 'Declaratory Judgment' as a

1 separate claim, the Complaint fails to plead any actual case or controversy between Plaintiff and Defendants upon which a declaration from this Court can be based. *See* 28 U.S.C. § 2201 (providing that in a case of actual controversy any court of the United States may declare the rights of any interested party). As such, this claim should be dismissed for failure to state a claim upon which can be granted.

**4.  Determination of Removal or Cause and Other.** It is unclear to Defendants' the nature of Plaintiff's reference to 'Determination of Removal or Cause' and 'Other.' To the extent the Complaint is based on breach of contact, the Complaint fails to state any facts upon which relief can be granted. "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Parrish v. National Football League Players Association* (2007) 534 F.Supp.2d 1081, 1094 (citing *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.* (2004) 116 Cal.App.4th 135, n.6.). Here, the Complaint does refer to an agreement contract **[Complaint, p. 3 ln. 9].** However, beyond that conclusory and vague reference, no actual facts to establish the existence of a contract, Plaintiff's performance, Defendants' breach, and damages have been alleged.

In any event, the Complaint in general does not plead any facts to support any claim upon which relief can be granted against Defendant, this purported claim, as well as the entire Complaint, should be dismissed with prejudice.

**C.  NBS IS PRIVILEGED.**

To the extent the Complaint sets forth any legally cognizable claims, and to the extent any such claims relate to NBS, Defendants' submit that NBS is privileged under Cal. Civ. Code § 2924(d). Thus, any claims against NBS must be dismissed. *See, e.g., Schep v. Capital One, N.A.*, 12 Cal. App. 5th 1331, 1336 (2017) ("The recording of a notice of sale and notice of default are privileged. Section 2924, subdivision (d)(1), provides that '[t]he mailing, publication, and delivery of notices as required' by section 2924 'constitute privileged communications pursuant to Section 47.' [citing Cal. Civ. Code § 2924(d)(1)]. Moreover, Cal. Civ. Code § 2924(d)(2) provides that the performance of the procedures set forth in Cal. Civ. Code §§ 2920 – 2944.10 are also privileged.

### D. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

In determining whether to grant leave to amend a complaint, the court generally considers: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Hurn v. Retirement Fund Trust, 648 F.2d 1252, 1254 (9th Cir. 1981) (citing Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973)).

Here, Defendants would be prejudiced by allowance of amendment due to the costs of litigation and the possibility that the instant Complaint may unfairly extent Plaintiff's Bankruptcy Case. Furthermore, Plaintiff's unintelligent Complaint and last minute pro se bankruptcy filing establishes Plaintiff's bad faith and dilatory intend. Finally, there exists a futility of amendment because the Complaint appears to only contain irrelevant legalese obtained from the internet. Based on the foregoing, the Complaint should be dismissed with prejudice.

## IV.

## CONCLUSION

Based upon the foregoing, the Complaint must be dismissed in its entirety as to Defendants and with prejudice.

DATED: June 25, 2019

Respectfully Submitted,
McCalla Raymer Leibert Pierce, LLP

By: /s/ *Dane W. Exnowski*
    DANE W. EXNOWSKI
    Attorneys for Defendants

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802**

A true and correct copy of the document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **6/25/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*U.S. Trustee*
ustpregion16.sa.ecf@usdoj.gov

*Trustee*
**Richard A. Marshack**
pkraus@marshackhays.com

*Debtor's Attorney*
**PRO SE**

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **6/25/2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*U.S. Bankruptcy Court Judge*
**Honorable Theodor C. Albert**
411 West Fourth Street
Suite 5085/Courtroom 5B
Santa Ana, CA 92701

*Debtor, PRO SE*
**Gary James Sroka**
324 Via Promesa
San Clemente, CA 92673

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/25/2019 | **Irene Saucedo** | */s/Irene Saucedo* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |