ORIGINAL

1  Nathaniel R. Lucey, Esq.   (SBN 260796)
   Mingzi Ouyang, Esq.   (SBN 314334)
2  ERICKSEN ARBUTHNOT
   152 North Third Street, Suite 700
3  San Jose, CA  95112
   Tel:  (408) 286-0880
4  Fax: (408) 286-0337

5  Attorneys for Respondent
   REAL TIME RESOLUTIONS, INC.
6



7

8                UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11  IN RE                                    Case No. 8:19-bk-11841-TA

12  GARY JAMES SROKA,                        Adv. No. 8:19-ap-01097-TA

13           Debtor.                         DEFENDANT REAL TIME
                                             RESOLUTIONS, INC.S' POINTS &
14                                           AUTHORITIES IN SUPPORT OF ITS
    _____     MOTION TO DISMISS PLAINTIFF'S
15  SROKA, GARY, REAL PARTY IN INTEREST     FIRST AMENDED COMPLAINT
    OF THE "NAME" GARY J. SROKA dba
16  JAMES SROKA, et al.,

17           Plaintiff,                      Date:  November 7, 2019
                                             Time:  11:00 a.m.
18  v.                                       Judge: Hon. Theodor C. Albert
                                             Court Room:5B
19  MR. COOPER; REAL TIME RESOLUTIONS,
    INC.; NATIONSTAR MORTGAGE LLC/NBS
20  DEFAULT SERVICES, LLC; BANK OF
    AMERICA, N.A.; WELLS FARGO BANK,
21  NATIONAL ASSOCIATION; SUCCESSOR
    BY MERGER TO WELLSFARGO BANK
22  MINNESOTA, NATIONAL ASSOCIATION;
    AS TRUSTEE FOR BANK OF AMERICA
23  MORTGAGE SECURITIES, INC., and DOES
    through 100 inclusive, et al.,
24
25           Respondents.
26
         COMES NOW REAL TIME RESOLUTIONS, INC. ["RTR"] and submits its
27
    Memorandum of Points & Authorities in Support of its Motion to Dismiss Plaintiff's First
28

                                        1
    DEFENDANT REAL TIME RESOLUTION, INC.'S POINTS & AUTHORITIES IN SUPPORT OF ITS
               MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  Amended Complaint. This motion is brought pursuant to Federal Rules of Civil Procedure, Rules

2  12(b)(1) and 12(b)(6).

3  **I.      INTRODUCTION**

4        Plaintiff's First Amended Complaint fails to address the glaring defects in the initial

5  Complaint. Once again Plaintiff has presented a hodgepodge of incomprehensible legalese that

6  fails to allege any viable legal theory or cause of action against RTR or any other Defendant. Even

7  if one could piece together some legally cognizable claim against RTR in this newest pleading,

8  Plaintiff has not stated facts that would give the bankruptcy court subject matter jurisdiction.

9  **II.     FACTUAL AND PROCEDURAL BACKGROUND**

10       On May 1, 2019, Plaintiff filed a Request for Dispute Resolution on Complaint (hereinafter

11  "Request")[1] against Defendant Real Time Resolutions, Inc. ("Defendant") with this Court.   The

12  Request was served on Defendant on May 3, 2019.

13       On May 10, 2019, Plaintiff filed an Amended Complaint ("Amended Complaint") against

14  Defendant.[2]  The Amended Complaint was served on Defendant on May 13, 2019.

15       On May 14, 2019, Plaintiff filed a Petition for Chapter 7 Bankruptcy ("Petition") with the

16  Bankruptcy Court for the Central District of California.   Plaintiff received a discharge on

17  September 16, 2019. See Bankruptcy ECF Doc NO. 26 8:19-bk-11841-TA

18       RTR filed its Motion to Dismiss against the initial Complaint on June 27, 2019. The Court

19  granted the Motion on August 29, 2019 with leave to amend. Plaintiff filed his Second Amended

20  Complaint on September 12, 2019.

21  **III.    LEGAL STANDARD FOR MOTION TO DISMISS**

22       Federal Rules of Civil Procedure, Rule 12(b)(1) permits this Court to dismiss an action

23  where there is a lack of subject matter jurisdiction.

24       Federal Rules of Civil Procedure Rule 12(b)(6) provides for dismissal of an action for

25  "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A Rule

26  12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint, and is proper

27

28  [1] ECF Doc. No. 1
    [2] ECF Doc. No. 2

2

**DEFENDANT REAL TIME RESOLUTION, INC.'S POINTS & AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1  when there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged

2  under a cognizable legal theory." *In re Kreisel*, 399 B.R. 679 (Bankr. C.D. Cal. 2008), citing

3  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  For a Rule 12(b)(6) motion,

4  "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light

5  most favorable to the non-moving party." *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012).

6  However, "conclusory allegations of law and unwarranted inferences" are insufficient. *Associated*

7  *Gen'l Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998); *see also Western*

8  *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

9  **IV.    ARGUMENT**

10      **A.    Plaintiff's Complaint does not allege facts that support bankruptcy court**

11          **subject matter jurisdiction.**

12          This Court previously had jurisdiction due to Plaintiff's ongoing Chapter 7 bankruptcy.

13  However, Plaintiff has now received a discharge. The Complaint at issue sets forth no independent

14  basis that would grant this Court subject matter jurisdiction.

15          Assuming Plaintiff's bankruptcy is ongoing, the Bankruptcy Code establishes that a trustee

16  is the "representative of the estate" and thus "has the capacity to sue and to be sued." 11 U.S.C.

17  §323 (2008).  Case law interprets the "capacity to sue" under 11 U.S.C. §323 to be exclusive to

18  the trustee. *Estate of Spirtos v. One San Bernardino County Super. Ct.*, 443 F.3d 1172, 1174 (9th

19  Cir. 2006) ("11 U.S.C. §323 vests the bankruptcy trustee with the exclusive right to sue on behalf

20  of the bankruptcy estate."); *In re Eisen*, 31 F.3d 1447, 1451 n. 2 (9th Cir. 1994) ("as trustee,

21  Moneymaker is vested with Eisen's [the debtor's] causes of action, rendering Eisen with no

22  standing to appeal.").  Pre-petition legal claims of the debtor are an asset of the estate. *See* 11

23  U.S.C. § 541(a)(1); *Sierra Nevada Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705,

24  707 (9th Cir. 1986); *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 1986).

25          Here, Plaintiff filed a petition for bankruptcy after he instituted a lawsuit against RTR.

26  Upon Plaintiff filing the bankruptcy, standing to sue RTR passed from Plaintiff to the trustee and

27  Plaintiff lost the right to assert this action.

28          Thus, this Court's lacks jurisdiction because the bankruptcy is over, or Plaintiff's lacks

**DEFENDANT REAL TIME RESOLUTION, INC.'S POINTS & AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1   standing to proceed.  Either way, the Court should grant Defendant's Motion to Dismiss pursuant

2   to Federal Rules of Civil Procedure Rule 12(b)(1).

3   **B.      Plaintiff's First Amended Complaint Again Fails to State a Claim.**

4   In addition to Plaintiff's lack of standing to pursue this current action, the First Amended

5   Complaint is unintelligible.

6   According to the First Amended Complaint, Plaintiff moves the Court for certain

7   "DETERMINATION" including "for declaratory relief by determination of law the validity,

8   priority, or extent of a lien or other interest in property," "to obtain a determination of law the

9   validity of the security deed," to "subordinate an allowed claim or interest," and etc.  (*See* First

10  Amended Complaint, 2:10-28.)

11  It appears the demanded "DETERMINATION" only relates to RTR in that RTR's

12  "knowingly and intentionally as well as deliberately stipulated and agreed that the related matters

13  of any judgments associated thereto, for failure to correct their ledgers, failure to provide

14  accounting and due to default have waived any claims, any collateral attacks; current counter

15  claims by MR. COOPER and REAL TIME RESOLUTIONS, INC are hereby, henceforth null and

16  void of any effect, and shall not be binding on the claimant's retroactively and henceforth."  (*See*

17  First Amended Complaint, 7:3-8.) This string of legal words has no meaning absent facts

18  specifying some wrongdoing on the part of RTR. Nor is it made clear how RTR has harmed

19  Plaintiff and therefore entitled to relief.

20  In the subsequent two paragraphs, the First Amended Complaint appears to argue that the

21  "default" mentioned in paragraph 14 is caused by RTR's failure to respond to a PROOF OF

22  CLAIM DEMAND or the Contract Agreement No.: eGJS02061961-05.  (*See* First Amended

23  Complaint, 7:8-28.)  However, Plaintiff did not attach the PROOF OF CLAIM DEMAND or the

24  Contract Agreement No.: eGJS02061961-05 to the pleadings.  The First Amended Complaint is

25  unclear as to which portion of the two documents RTR "failed to answer" and how such failure

26  gave rise to the demands in the First Amended Complaint.  Moreover, this paragraph again fails

27  to state what offense RTR has committed and how such alleged offense harmed Plaintiff.

28

**DEFENDANT REAL TIME RESOLUTION, INC.'S POINTS & AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1       In light of the First Amendment's continuing lack of clarity as to the alleged wrongdoings

2 of RTR and the relation between such alleged wrongdoings and the relief Plaintiff seeks, this Court

3 should dismiss this First Amended Complaint pursuant to Rule 12(b)(6).

4     **C.    The First Amended Complaint Continues to Rely on the Meritless**

5              **Argument that Respondent's Failure to Respond to a Mail-Delivered**

6              **Contract Constitutes Acceptance of the Contract.**

7       The First Amended Complaint again argues that RTR accepted the terms of something

8 Plaintiff refers to as Contract Agreement No.: eGJS02061961-05 when it failed to respond to a

9 copy of this Contract allegedly mailed to RTR by USPS Certified Mail. (*See* First Amended

10 Complaint, 8:10-28.) As a starting point, Plaintiff does not allege the terms of this supposed

11 contract and does not say what his consideration was for this contract. This alone dooms Plaintiff's

12 Complaint.

13       It appears Plaintiff's theory is that RTR now owes him money because it did not respond

14 to a letter. The law obviously does not support such a theory. There must be mutual assent to a

15 contract. "Mutual assent is determined under an objective standard applied to the outward

16 manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts,

17 and not their unexpressed intentions or understandings." *See Alexander v. Codemasters Group*

18 *Limited* (2002) 104 Cal.App.4th 129, 141. "Silence alone does not give consent, even by estoppel,

19 for there must not only be the right, but the duty, to speak before the failure to do so can estop a

20 person from afterward setting up the truth." *Wold v. League of the Cross, Inc.* (1931) 114 Cal.

21 App. 474, 479. Such a duty to speak is the prevailing general rule except where, in special

22 circumstances, there exists a fiduciary or confidential relationship among the parties. *See Moore*

23 *v. State Bd. Of Control* (2003) 112 Cal.App.4th 371, 385 ["silence as the basis for estoppel usually

24 requires a showing of special circumstances, such as a confidential or fiduciary relationship or an

25 undertaking to provide advice by one who claims to be informed and knowledgeable in the

26 matter."]

27       Even if one assumes that Contract Agreement No.: eGJS02061961-05 contains terms that

28 include mutual consideration between Plaintiff and RTR, RTR's inaction and silence cannot

5

---

**DEFENDANT REAL TIME RESOLUTION, INC.'S POINTS & AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1  constitute acceptance. *See Norcia v. Samsung Telecoms. Am., LLC* (9th Cir. 2017) 845 F.3d 1279,

2  1284. The First Amended Complaint again fails to allege any "special circumstances" between

3  Plaintiff and RTR that may elevate silence to ascent of the Contract Agreement. *See Moore v.*

4  *State Bd. Of Control* (2003) 112 Cal.App.4th 371, 385.

5  **D.        The Court Should Dismiss The First Amended Complaint With Prejudice.**

6        In determining whether to grant leave to amend a complaint, the Court generally considers

7  the following factors including undue delay, bad faith, futility of amendment, and prejudice to the

8  opposing party. "While all these factors are relevant, the crucial factor is the resulting prejudice

9  to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (1973).

10        Evaluating the factors against Plaintiff's First Amended Complaint, the Court should

11  dismiss Plaintiff's First Amended Complaint with prejudice.

12        First, the nature of the First Amended Complaint establishes that any further amendment

13  will be futile. The reason is twofold. As referenced above, Plaintiff lacks standing to sue or to be

14  sued in this current action due to the filing of the bankruptcy petition. *See Estate of Spirtos v. One*

15  *San Bernardino County Super. Ct.*, 443 F.3d 1172, 1174 (9th Cir. 2006). Unless Plaintiff provides

16  sufficient facts showing that this Court has subject matter jurisdiction, dismissal is appropriate.

17  Additionally, the First Amended Complaint again is uncertain as to the relief the Plaintiff is seeking

18  of the wrongdoing RTR has committed. Plaintiff has been warned by the Court to draft a pleading

19  that asserts claims upon which relief can be granted. The First Amended Complaint falls woefully

20  short. There is no indication Plaintiff will suddenly draft a proper pleading.

21        Second, RTR will inevitably be prejudiced if the Court gives Plaintiff another chance to

22  amend the Complaint because RTR will be further forced to expend money to defend Plaintiff's

23  frivolous claims. Consequently, the Court should dismiss Plaintiff's First Amended Complaint

24  with prejudice.

25

26

27

28

**DEFENDANT REAL TIME RESOLUTION, INC.'S POINTS & AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1

2  **V.    CONCLUSION**

3       RTR respectfully requests that the Court grant RTR's Motion to Dismiss Plaintiff's First

4  Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) with prejudice.

5

    DATED: September 26, 2019
6

7  ERICKSEN ARBUTHNOT

8

9  NATHANIEL R. LUCEY, Esq
   MINGZHOU YANG, Esq.
10 Attorneys for Respondent

11 REAL TIME RESOLUTIONS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT REAL TIME RESOLUTION, INC.'S POINTS & AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED COMPLAINT**