FILED
NOV 25 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

ENTERED
NOV 25 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>GARY JAMES SROKA,<br><br>Debtor, | Case No.: 8:19-11841-TA<br><br>Chapter 7<br><br>Adv. No.: 8:19-01097-TA |
| GARY JAMES SROKA,<br><br>Plaintiff(s),<br><br>vs.<br><br>MR. COOPER; REAL TIME RESOLUTIONS, INC., *et. al.*<br><br>Defendant(s). | ORDER GRANTING RESPONDENT REAL TIME RESOLUTION, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Date: November 7, 2019<br>Time: 11:00 a.m.<br>Location: 5B |

A hearing was held on "Respondent Real Time Resolutions, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint" ("Motion") [DN 42] on November 7, 2019. Appearances were noted on the record.

For the reasons stated in the Court's tentative ruling, which is attached to this order as Exhibit A, and as stated on the record, the Motion is GRANTED. The First Amended Complaint is dismissed with prejudice.

Date: NOV 25 2019

Hon. Theodor C. Albert

# Exhibit A

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Thursday, November 7, 2019** **Hearing Room 5B**

11:00 AM
**8:19-11841 Gary James Sroka** **Chapter 7**
Adv#: 8:19-01097 Sroka v. Mr Cooper et al

**#17.00** Motion to Dismiss First Amended Complaint With Prejudice

Docket 38

**Tentative Ruling:**

Tentative for 11/7/19:

These are motions, respectively, of Nationstar Mortgage LLC dba Mr. Cooper and Real Time Resolutions, Inc. under FRCP Rule 12(b) to Dismiss for Failure to State a Claim Upon which relief may be granted. Although the motions are given different numbers on the calendar, they involve nearly identical questions of law and fact and so the analysis is combined in this single memorandum. The motions were joined by Bank of America N.A. on Oct. 1, 2019. The court's tentative decision posted for the hearing August 8, 2019 is incorporated herein by reference; it dealt with the original complaint. In that prior decision the court granted similar motions to dismiss but with leave to amend. In that memorandum the court warned Plaintiff that if he were serious about pursuing this action, he should seek counsel inasmuch as the prior version of the complaint was largely unintelligible. But given Plaintiff's *pro se* status leniency was shown in the hope that the matter could be resolved on its merits. However, the court warned that it would not tolerate any more rambling and incomprehensible pleadings which present no plain articulation in English of a theory for relief and amount to a waste of time. But Plaintiff was either disinclined or unable to take this advice as his First Amended Complaint filed September 12 is also unintelligible. Plaintiff has filed a [Proposed] Second Amended Complaint on or about October 24, 2019 which appears to be his opposition to the motion (although he was not given leave to amend again) because that document was attached to his "Notice of Opposition and Request for a Hearing" filed that same date. The court will therefore construe this [Proposed] Second Amended Complaint as

Main Document Page 5 of 11

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Thursday, November 7, 2019** **Hearing Room 5B**

11:00 AM
**CONT...** **Gary James Sroka** **Chapter 7**

Plaintiff's Opposition.

Although the [Proposed] Second Amended Complaint has the virtue of being shorter and in (somewhat) plainer English, Plaintiff has still failed to cure the problems for these reasons:

1. Plaintiff lacks standing. As the court tried to explain before, the wrongs Plaintiff alleges all arose in connection with the Defendants' attempts to foreclose the mortgage held against the property commonly known as 324 Via Promesa, San Clemente, which still to this date have not resulted in an actual foreclosure sale. But it is rather clear that the events complained of arose before May 14, 2019, the petition date, which delayed the sale, so any claim for relief belongs to the appointed Chapter 7 trustee. See e.g. *Cusano v. Klein*, 264 F. 3d 936, 945 (9th Cir. 2001); *Sierra Switchboard Co. v. Westinghouse Elec. Corp*, 789 F. 2d 705, 708 (9th Cir. 1986); *Griffin v. Allstate Ins. Co.*, 920 F. Supp 127, 130 (C.D. Cal. 1996). The claims for relief, if any, belong to the estate and until the Trustee sells or abandons them, they cannot be the basis for a complaint by debtor as is attempted here.

2. Defendants argue that the latest version is also barred by *res judicata* in that the complaint seems to raise the same or very similar theories as were dismissed with prejudice four years ago in adversary proceeding #8:14-1201 TA. See *Summerville v. Rojas (In re Summerville)*, 361 B.R. 133, 142 (9th Cir. BAP 2007). This argument could be conclusive if identity of the claims could be established, but the court hesitates given the rambling nature of these various complaints. It is somewhat unclear that the very same issues as between the same parties were ruled on before. The [Proposed] Second Amended Complaint is no model of clarity, but it seems to suggest that the gravamen of the latest complaint (if that can be filed as a complaint rather than merely as interpretive) involves some kind

11/6/2019 4:27:11 PM Page 38 of 56

Main Document Page 6 of 11

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Thursday, November 7, 2019** **Hearing Room 5B**

11:00 AM
**CONT...** **Gary James Sroka** **Chapter 7**

of tender by the debtor, which was not responded to by the Defendants. Allegedly, this tender occurred *on or about September 2018*, which of course came after the court's ruling in the prior adversary proceeding. While unclear, this theory of a *res judicata* defense might not be conclusive for this reason. However, insofar as the basis for the First Amended Complaint is in fact the same wrongful foreclosure theory alleged in 2014, it is barred.

3. The privilege under Cal. Civ. Code §2924(d) relates to the publishing and recording of notices required under California's foreclosure laws and would seem to cover NBS Default Services, the Defendant's foreclosure services company, since allegedly all that they are charged with is recording and publishing the notices involved in a foreclosure. Since nothing is alleged which would bring this entity outside of the law's protections in this respect, this is an independent ground to dismiss as to NBS only.

4. No intelligible basis for a claim is stated. If Plaintiff is relying on the unintelligible ramblings of the First Amended Complaint, no cognizable basis for relief is stated within the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-556 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). If the court is supposed to be persuaded by the somewhat clearer recitation found in the [Proposed] Second Amended complaint, the same problem remains, even assuming it could/should be read retroactively to interpret the First Amended Complaint [See ¶¶10 and 13-15 of First Amended Complaint which seem to state a similar theory based on "tender"]. The court agrees with the assessment offered by Defendant Real Time Resolutions that the allegations in the [Proposed]Second Amended Complaint are effectively a "word salad" devoid of any real meaning.

11/6/2019 4:27:11 PM Page 39 of 56

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Thursday, November 7, 2019** **Hearing Room 5B**

11:00 AM
**CONT...** **Gary James Sroka** **Chapter 7**

Plaintiff alleges only one charging claim, "First Claim for Declaratory Relief," but, as is correctly argued by Defendants Nationstar, et al, this is only a remedy, not a theory of relief. So, some other predicate for employment of the remedy must be stated. See e.g. *Stock West, Inc. v. Confederated Tribes of the Coville Reservation*, 873 F. 2d 1221, 1225 (9th Cir. 1989); *Wood v. U.S.*, 2006 WL 2829829 at 1, n. 2 (E.D. Cal. Sept. 29, 2006). But no such predicate for relief appears. As near as the court can determine from the "Common Facts" found at page 3 of the [Proposed]Second Amended Complaint, Plaintiff alleges that he made three (or four?) "tenders" by registered mail to the Defendants and that these were "accepted" (apparently by alleged failure to specifically reject). From this premise Plaintiff then alleges that a "contract" was formed (is this eGJS02061961-05?) and so the Defendants were wrongful in persisting with foreclosure. No allegation is made as to what exactly was tendered, but one doubts that Plaintiff means that the entire balance including accrued interest, fees etc., in money (see page 2 of [Proposed] Second Amended Complaint); this is a sum of about $1,038,496 according to the Mr. Cooper loan statement dated 3/19/2019, of which $539,926 was the sum necessary to reinstate. See Exhibit "A" attached to First Amended Complaint. Since the petition in Chapter 7 was filed May 14, 2019, only about two months later, one can only conclude that whatever was "tendered" is/was not the full balance owed under the mortgage since the Plaintiff's schedules filed June 14, 2019 reveal no such sum of money (or indeed anything close). In fact, the only assets of substance are reported as the real property at Via Promesa and an alleged claim against the Defendants described as "dispute re tendered real property mortgages; pending Adv Compl., state and Federal actions? 6,600,000..." followed by some illegible handwriting.

5. While no specific reference in the [Proposed] Second Amended

Main Document Page 8 of 11

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Thursday, November 7, 2019** **Hearing Room** **5B**

11:00 AM
**CONT...** **Gary James Sroka** **Chapter 7**

Complaint is made to identify the "tenders" that are central to the complaint, we can suppose that they are the same as identified collectively in the First Amended Complaint. Plaintiff refers to account numbers for the loans of Mr. Cooper 0617169545 and for Real Time Resolutions 006358758, although the latter number appears nowhere on Exhibit "A". The Cooper number was handwritten upon the registered mail receipt card, presumably by Plaintiff, with the handwritten words "tender issued discharging of Government obligation." On the version marked "4th Tender" the words "4th tender infuse(?) issued to 4th consideration Arbitration Demanded" (*sic*) appear. Mysterious reference is made to something called "Contract Agreement No: eGJS02061961-05." None of this is explained, but the court agrees with Real Time Resolutions that insofar as Plaintiff is alleging that the bank Defendants had some kind of duty to respond to whatever was contained in "Contract Agreement No: eGJS02061961-05", or even to respond to his scribblings upon the loan statements and certified mail cards attached as Exhibit "A" to the First Amended Complaint, this is incorrect. Silence alone does not give consent (*Norcia v. Samsung Telecoms Am. LLC,* 845 F. 3d 1279, 1284 (9th Cir. 2017)), even by estoppel for there must not only be the right, but the duty, to speak before the failure to do so can estop a person from afterward setting up the truth." *Wold v. League of the Cross, Inc.*, 114 Cal. App. 474, 479 (1931). A possible exception to the estoppel by silence rule might exist if there were special circumstances, such as a confidential or fiduciary relationship. See e.g. *Moore v. State Bd. of Control*, 112 Cal. App. 4th 371, 385 (2003). But Plaintiff alleges no basis for such a confidential or fiduciary relationship here. Indeed, it is very much the opposite since Plaintiff had before sued the Defendants (and lost) and in any event a bank is not a fiduciary to its borrower. The proposition that a borrower on a distressed loan can, by writing to the foreclosing lender some proposal and then sending by certified mail, even four times, and claim satisfaction of the loan upon failure of

11/6/2019 4:27:11 PM Page 41 of 56

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Thursday, November 7, 2019** **Hearing Room 5B**

11:00 AM
**CONT...** **Gary James Sroka** **Chapter 7**

the lender to respond, is preposterous and obviously does not state a claim upon which relief can be granted.

6. It is obvious to the court that Plaintiff has no articulable clam for relief. What does appear is largely unintelligible, and the intelligible portions strain credulity. An earlier opportunity to amend was given but proved unproductive as the First Amended Complaint is also insufficient and, if one counts the [Proposed]Second Amended Adversary Complaint, this is three bites at the apple. But it is more, if one views the several versions of the earlier complaint found in adversary proceeding # 8:14-1201 TA. Moreover, even if that were not true, Plaintiff obviously lacks standing. The law is lenient when dealing with *pro se* litigants, but there are limits to the court's patience. See *Ferdik v. Bonzelet*, 963 F, 2d 1258, 1263 (9th Cir. 1992). The court sees absolutely no basis for further indulging this Plaintiff so leave to further amend is not appropriate.

*Grant without leave to amend*

**Party Information**

**Debtor(s):**

Gary James Sroka — Pro Se

**Defendant(s):**

Mr Cooper — Represented By Dane W Exnowski

Bank of America N A — Represented By Ethan Schatz

Wells Fargo Bank, National — Pro Se

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Thursday, November 7, 2019** **Hearing Room 5B**

11:00 AM
**CONT... Gary James Sroka** **Chapter 7**

| | |
|---|---|
| Real Time Resolutions Inc | Represented By<br>Sharon L Hightower<br>Nathaniel R Lucey |
| Nationstar Mortgage LLC | Pro Se |

**Plaintiff(s):**

| | |
|---|---|
| Gary Sroka | Pro Se |

**Trustee(s):**

| | |
|---|---|
| Richard A Marshack (TR) | Pro Se |

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Judge Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Thursday, November 7, 2019** **Hearing Room 5B**

11:00 AM
**8:19-11841 Gary James Sroka** **Chapter 7**
Adv#: 8:19-01097 Sroka v. Mr Cooper et al

**#18.00** Real Time Solutions, Inc's Motion to Dismiss Plaintiff's First Amended Complaint

Docket 42

**Tentative Ruling:**

Tentative for 11/7/19:
See #17.

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Gary James Sroka | Pro Se |

**Defendant(s):**

| | |
|---|---|
| Mr Cooper | Represented By<br>Dane W Exnowski |
| Real Time Resolutions Inc | Represented By<br>Sharon L Hightower<br>Nathaniel R Lucey |
| Nationstar Mortgage LLC | Pro Se |
| Bank of America N A | Represented By<br>Ethan Schatz |
| Wells Fargo Bank, National | Pro Se |

**Plaintiff(s):**

| | |
|---|---|
| Gary Sroka | Pro Se |

**Trustee(s):**

| | |
|---|---|
| Richard A Marshack (TR) | Pro Se |